*Law Library*

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CM 523-11 |
| | ) | |
| vs. | ) | **DECISION AND ORDER** |
| | ) | **FOR DISMISSAL** |
| JUAN SILVERIO | ) | (Motion to Dismiss *Rasauo II*) |
| Defendant. | ) | |
| | ) | |

The matter came before the HONORABLE ELIZABETH BARRETT-ANDERSON on December 22, 2011 for Defendant's Motions to Dismiss (hereinafter referred to as "Motion"). Defendant was not present, but was represented by Attorney Suresh Sampath. People were represented by Assistant Attorney General James C. Collins. The Court having considered all the oral arguments, briefs, and materials filed herein **GRANTS** Defendant's motion.

Guam's Supreme Court held[1]: "that unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 16. Defendant argues that pursuant to *People v. Rasauo*, 2011 Guam 14 (hereinafter referred to as *Rasauo II*"), this case should be dismissed with prejudice because Defendant was not arraigned within sixty (60) days after the Complaint was filed. *See also* 8 GCA § 60.10. People argue that the Court should find good cause exists for the delay, and therefore, the dismissal would be inappropriate. As required by *Rasauo II*, this Court will review the specific facts in this case to determine whether or not there was good cause for the delay in arraigning Defendant beyond the sixty (60) days after the Complaint was filed. *Rasauo*, 2011 Guam 14 ¶¶ 10, 14.

Defendant was arrested on April 29, 2011, and a magistrate complaint was filed on April 30, 2011. At the magistrate hearing on April 30th Defendant was not appointed counsel, but was released and ordered to appear for arraignment on June 1, 2011. On June 1, 2011 due to the absence of a judicial

---

[1] This holding is hereinafter referred to as the "60 day rule."

officer the arraignment was continued to July 6, 2011. At the arraignment on July 6, 2011, the Defendant was appointed counsel, and the arraignment was continued to July 27, 2011, twenty-eight (28) days later, to afford the Defendant an opportunity to meet and confer with counsel. Defendant was arraigned on July 27, 2011, eighty-seven (87) days after the Complaint was filed.

The time between the Complaint and the first appearance on June 1, 2011, does not violate the 60 day rule announced in *Rasauo II*. However, the Court must determine if the time delays after June 29, 2011, constitutes "good cause" or if this case must be dismissed for violation of the 60 day rule.

The first delay in this case occurred because there was no judicial officer on to arraign the Defendant on June 1, 2011. The delay in a criminal case due to the unavailability of a judge has been found to be good cause in exceptional circumstances. *Gill v. Superior Ct. of Guam*, 1996 WL 875781, (D. Ct. Guam Oct. 4, 1006). However, there is no showing of exceptional circumstances for delay that commenced on June 1. 2011. It is also of note that since the onus is on all judicial officers to ensure that a defendant is promptly arraigned, the arraignment might have been continued to the following week, but instead it was continued for over a month, and past the 60th day of June 29, 2011. Therefore, the Court finds that the unreasonable delay more than 60 days after the Complaint was filed caused by the unavailability of a magistrate judge is not good cause. Thus, this delay is per se unreasonable, hence this case should be dismissed for violation of the 60 day rule.

While not necessary for this decision, for purposes of thoroughness, the Court determines that the next delay of an additional twenty-eight (28) days to allow Defendant to meet and confer with counsel is reasonable and constitutes good cause. *See e.g. People v. Ereno* CM 541-11 (Super. Ct. Guam Feb. 10, 2012).

Lastly, the Court must determine if the dismissal should be with or without prejudice. The Court is persuaded by the People's argument[2] that the dismissal should be without prejudice. Guam's Supreme Court declined to hold that all violations of the 60 day rule requires a dismissal with prejudice. *Rasauo*, 2011 Guam 14 ¶ 16("The issue of whether or not the case should be dismissed with or without prejudice should be decided in the first instance by the trial court."). This is in contrast to other criminal cases Guam's Supreme Court has addressed, where the case was dismissed with prejudice based upon a

---

[2] This issue was raised orally, not in the written opposition.

finding that there was a statutory bar to re-prosecution of the defendants in those cases. *People v. Villapondo*, 1999 Guam 31; *People v. Palomo*, 1998 Guam 12. The People correctly assert that in this circumstance, there is not a statutory bar to re-prosecution, instead the 60 day rule is explicitly dependent on statutory interpretation. *Rasauo*, 2011 Guam 14 ¶ 13; *People v. Stephen*, 2009 Guam 8 ¶¶ 35-36.

Therefore, the Court considers "a showing of prejudice or any other factors" to determine if dismissal with prejudice is appropriate. *Palomo*, 1998 Guam 12 n.8(quoted by *Villapondo*, 1999 Guam 31 ¶ 52). *Cf.* 18 U.S.C. § 3162(a)(2). Defendant does not make a showing of prejudice, rather argues that dismissal without prejudice renders the meaning of Rasauo meaningless if the People can re-indict him in the future. *But see Stephen*, 2009 Guam 8 ¶ 11. Therefore, as there is not a showing of prejudice, the Court will look at other factors used to determine if dismissal with prejudice is required here.

"Dismissal of an indictment is a disfavored remedy. Indictments are rarely dismissed for alleged government misconduct which occurs outside the Complaint process because such misconduct must be "grossly shocking and so outrageous as to violate the universal sense of justice.'" *People v. Marada*, 1995 WL 604365, *1 (D. Guam App. Div. Sep. 18, 1995)(internal citations omitted). *See also Stephens*, 2009 Guam 8 ¶ 21(discussing dismissal for unnecessary delay should occur "only in extreme circumstances"); *People v. Gutierrez*, 2005 Guam 19 ¶¶ 61-70(discussing dismissal based on finding the People acted in bad faith). In this case, there is no alleged government misconduct or bad faith on the part of the People[3]. Instead, there is a violation of the 60 day rule, which was recently announced in *Rasauo II*, which requires dismissal, but not necessarily dismissal with prejudice.

Additionally, dismissal with prejudice is sometimes used by Courts to send a strong message to prosecutors who have consistently violated defendants' rights and force them to reduce pretrial delays in general. *U.S. v. Perez*, 2011 WL 2294194, *3 (D. Ct. Guam Jun. 8, 2011). *Stephens*, 2009 Guam 8 ¶ 21("If a court is to apply the harsh rule of dismissing a criminal case with prejudice… it must either establish local rules … or warn the prosecution that further delay could jeopardize the case."). However, the violation of a defendant's prompt arraignment right is not an issue this Court has been asked to address in relation to arraignments that occurred after *Rasauo II* was issued. Instead, this Court is merely

---

[3] All of the procedural facts of this case occurred before the promulgation of *Rasauo II*, therefore, there can be no finding that the People intentionally violated the 60 day rule.

addressing motions to dismiss based on delays that occurred before the 60 day rule was announced, leading this Court to believe that the People do not require a strong message from this Court to ensure that they are now respecting a defendant's right to prompt arraignment. This factor weighs in favor of dismissal without prejudice.

Further, in this circumstance, dismissal without prejudice cannot be seen as condoning the People's behavior, because neither the People nor the Court were aware of the 60 day rule at the time of the delay of the Defendant's prompt arraignment. *Id.* This factor weighs in favor of dismissal without prejudice.

In this scenario, Defendant's constitutional rights are not implicated, thus the Court should weigh the violation of Defendant's right to a prompt arraignment with the competing interest "of society to be secure from crime through the regular enforcement of the criminal laws." *Gutierrez*, 2005 Guam 19 ¶ 68(internal citation and quotation omitted). Upon balancing these factors as well as taking into consideration of lack of showing of prejudice the Court determines that dismissal without prejudice is most appropriate.

There are eighty-seven (87) days between the filing of the Complaint and Defendant's arraignment. The sixty-seven (67) days between the filing of the Complaint on April 30, 2011, and Defendant's arraignment on July 6, 2011 is an unreasonable delay and is not good cause as stated above. The Court finds that Defendant was not promptly arraigned pursuant to 8 GCA § 60.10(a); therefore, the Court is DISMISSING this case without prejudice. Defendant's Motion is GRANTED. *Rasauo*, 2011 Guam 14 ¶ 16.

**MAR 29 2012**

**IT IS SO ORDERED** this _____ day of March, 2012.

_____
**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

APR - 2 2012

*Glenric J. Mendiola*
Deputy Clerk, Superior Court of Guam